IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
JAMES AYERS, et al.,                )
on behalf of themselves and all     )
others similarly situated,          )
                                    )
                Plaintiffs,         )
                                    )
        v.                          )       1:23cv581
                                    )
GKN DRIVELINE NORTH AMERICA, INC., )
                                    )
                Defendant.          )
_____ )
JOHN CARSON,                        )
on behalf of himself and all        )
others similarly situated,          )
                                    )
                Plaintiff,          )
                                    )
        v.                          )       1:23cv583
                                    )
GKN DRIVELINE NORTH AMERICA, INC., )
                                    )
                Defendant.          )
_____ )
TAMEKA FERGES, et al.,              )
on behalf of themselves and all     )
others similarly situated,          )
                                    )
                Plaintiffs,         )
                                    )
        v.                          )       1:23cv585
                                    )
GKN DRIVELINE NORTH AMERICA, INC., )
                                    )
                Defendant.          )
```

## MEMORANDUM OPINION AND ORDER

This case comes before the Court on the motions for equitable tolling filed by certain former opt-in plaintiffs in <u>Mebane v. GKN Driveline North America, Inc.</u>, No. 1:18cv892 (M.D.N.C.). See <u>Ayers v. GKN Driveline North America, Inc.</u>, No. 1:23cv581, Docket Entry

8 (M.D.N.C. July 14, 2023) (the "Ayers Motion"); Carson v. GKN Driveline North America, Inc., No. 1:23cv583, Docket Entry 5 (M.D.N.C. July 14, 2023) (the "Carson Motion"); Ferges v. GKN Driveline North America, Inc., No. 1:23cv585, Docket Entry 6 (M.D.N.C. July 14, 2023) (the "Ferges Motion"). For the reasons that follow, the Court will grant in part and deny in part the Ayers Motion, the Carson Motion, and the Ferges Motion (collectively, the "Equitable Tolling Motions").

## BACKGROUND

On October 23, 2018, James Mebane and Angela Worsham (the "Mebane Plaintiffs"), through counsel (the "Mebane Class Counsel"), initiated a collective and class action under the Fair Labor Standards Act (the "FLSA") and the North Carolina Wage and Hour Act (the "NCWHA") against, as relevant here, GKN Driveline North America, Inc. (the "Defendant"), seeking recovery of unpaid wages and compensation on behalf of current and former employees at Defendant's manufacturing facilities. See, e.g., Mebane, Docket Entry 1 at 1-2 (M.D.N.C. Oct. 23, 2018).[1] On November 5, 2020, the Court (per United States District Judge Loretta C. Biggs) conditionally certified the FLSA collective action and granted class certification under Rule 23 of the Federal Rules of Civil Procedure (the "Rules") on Mebane Plaintiffs' NCWHA claim regarding

---

[1] Docket Entry page citations utilize the CM/ECF footer's pagination.

"Defendant's policy of rounding time." Id., Docket Entry 82 at 24 (M.D.N.C. Nov. 5, 2020) (certifying Rounding Class).[2] Mebane Plaintiffs subsequently amended their complaint, see id., Docket Entry 146 (M.D.N.C. Mar. 15, 2022), after which the Court (per Judge Biggs) certified an additional class of employees who "were not paid for ordinary, or emergency work conducted during mealtimes due to Defendant's Automatic Deduction Policy," id., Docket Entry 154 at 16 (M.D.N.C. Aug. 2, 2022) (certifying Automatic Deduction Class).[3] The Court (per Judge Biggs) thereafter partially granted Defendant's motion to reconsider that certification ruling, "find[ing] that modification of the Automatic Deduction Class definition is necessary to avoid it being an impermissible fail-safe class," and directing Mebane "Plaintiffs [to] submit supplemental briefing proposing a new class definition of the Automatic Deduction Class." Id., Docket Entry 179 at 9 (M.D.N.C. Nov. 16, 2022).

Rather than crafting a new definition for the Automatic Deduction Class, however, the Court (per Judge Biggs) subsequently granted Defendant's request to decertify the action entirely. See id., Docket Entry 198 at 3, 17 (M.D.N.C. May 12, 2023) (the "Decertification Order") (finding that, after "having the full

---

[2] This class assertedly involved at least 1,300 members. See id., Docket Entry 82 at 11.

[3] This class potentially involved as many as 3,000 members. See, e.g., id., Docket 154 at 8.

3

benefit of discovery," "the evidentiary record" establishes "that both the automatic deduction claims and rounding claims implicate highly individualized facts and circumstances unique to each plaintiff," and granting "Defendant's motion to decertify the FLSA collective action, Rule 23 Rounding Class, [and] Rule 23 Automatic Deduction Class").[4]  Within a fortnight, Mebane Plaintiffs filed a petition with the United States Court of Appeals for the Fourth Circuit seeking permission to appeal the Decertification Order. See id., Docket Entry 201 (M.D.N.C. May 26, 2023) (containing copy of Fourth Circuit petition filed May 25, 2023).  While that petition remained pending, Mebane Plaintiffs sought, id., Docket Entry 202 (M.D.N.C. June 6, 2023), and received a stay of proceedings "until the Fourth Circuit rules on [Mebane] Plaintiffs' petition for appeal, and if granted, until the conclusion of the appeal," id., Docket Entry 204 at 1 (M.D.N.C. June 12, 2023).  On June 28, 2023, the Fourth Circuit denied Mebane Plaintiffs' request to appeal the Decertification Order.  Id., Docket Entry 205 at 1 (M.D.N.C. June 28, 2023).  On November 9, 2023, the Court (per Judge Biggs) lifted the stay entered June 12, 2023.  See id., Docket Entry 211 at 1 (M.D.N.C. Nov. 9, 2023).

    Meanwhile, on July 14, 2023, certain former Mebane opt-in plaintiffs (the "Named Plaintiffs"), through Mebane Class Counsel,

---

[4] Approximately 400 individuals had affirmatively joined the Mebane action before the Decertification Order issued.  See, e.g., id., Docket Entries 91, 92, 95-99 (M.D.N.C. 2021).

4

refiled their FLSA and NCWHA claims, this time in class and collective actions limited to current and former employees at Defendant's respective manufacturing facilities. See, e.g., Ayers, Docket Entry 1 at n.1 (M.D.N.C. July 14, 2023) (explaining that relevant "Plaintiffs represent individuals employed at [Defendant's] Alamance County facility"); Carson, Docket Entry 1 at n.1 (M.D.N.C. July 14, 2023) (same as to Defendant's "Sanford facility"); Ferges, Docket Entry 1 at n.1 (M.D.N.C. July 14, 2023) (same as to Defendant's "Roxboro facility"). Concurrently, these former Mebane opt-in plaintiffs filed the Equitable Tolling Motions, seeking "to toll the statute of limitations for Named and Opt-in Plaintiffs' [FLSA] claims from the date Plaintiffs filed their consent to join forms in the [*Mebane*] matter, and their [NCWHA] claims from October 23, 2018, the date the *Mebane* matter was filed." Ayers, Docket Entry 8 at 1; accord Carson, Docket Entry 5 at 1; Ferges, Docket Entry 6 at 1. For its part, Defendant "does not oppose *some* equitable tolling of the statute of limitations periods as to the FLSA and NCWHA claims of the Named Plaintiffs only." Ayers, Docket Entry 20 at 2 (Aug. 14, 2023) (emphasis in original); accord Carson, Docket Entry 19 at 2 (Aug. 14, 2023); Ferges, Docket Entry 18 at 2 (Aug. 14, 2023). Specifically, Defendant contends, "any tolling, if permitted, should end as of the date the Court decertified the class and collective in *Mebane*" and apply only to Named Plaintiffs' claims.

5

Ayers, Docket Entry 20 at 2; accord Carson, Docket Entry 19 at 2; Ferges, Docket Entry 18 at 2.

## **DISCUSSION**

Defendant acknowledges that "[t]he statute of limitations for a plaintiff in a collective action is tolled after the plaintiff has filed a consent to opt in to the collective action, and begins to run again if the court later decertifies the collective action." Ayers, Docket Entry 20 at 4 (internal quotation marks omitted) (brackets in original); accord Carson, Docket Entry 19 at 4; Ferges, Docket Entry 18 at 4. Defendant further concedes that "[t]he filing of a class action tolls the statute of limitations as to all asserted members of the class." Ayers, Docket Entry 20 at 3 (internal quotation marks omitted); accord Carson, Docket Entry 19 at 3; Ferges, Docket Entry 18 at 3.

Consistent with these concessions, the United States Supreme Court has explained that statutes of limitations "are intended to put defendants on notice of adverse claims and to prevent plaintiffs from sleeping on their rights, but these ends are met when a class action is commenced." Crown, Cork & Seal Co. v. Parker, 462 U.S. 345, 352 (1983) (citations omitted). Further,

> [c]lass members who do not file suit while the class action is pending cannot be accused of sleeping on their rights; Rule 23 both permits and encourages class members to rely on the named plaintiffs to press their claims. And a class complaint "notifies the defendants not only of the substantive claims being brought against them, but also of the number and generic identities of the potential plaintiffs who may participate in the

6

judgment." The defendant will be aware of the need to
preserve evidence and witnesses respecting the claims of
all the members of the class. Tolling the statute of
limitations thus creates no potential for unfair
surprise, regardless of the method class members choose
to enforce their rights upon denial of class
certification.

Id. at 352-53 (citations omitted) (quoting American Pipe & Constr. Co. v. Utah, 414 U.S. 538, 555 (1974)). Accordingly,

"the commencement of a class action suspends the
applicable statute of limitations as to all asserted
members of the class who would have been parties had the
suit been permitted to continue as a class action." Once
the statute of limitations has been tolled, it remains
tolled for all members of the putative class until class
certification is denied. At that point, class members
may choose to file their own suits or to intervene as
plaintiffs in the pending action.

Id. at 353-54 (citation omitted) (quoting American Pipe, 414 U.S. at 554) (discussing so-called American Pipe tolling).

Importantly, however, American Pipe tolling applies only to individual claims. See China Agritech, Inc. v. Resh, 584 U.S. 732, 735-36 (2018). As the Supreme Court has made clear:

*American Pipe* tolls the statute of limitations during the
pendency of a putative class action, allowing unnamed
class members to join the action <u>individually</u> or file
<u>individual</u> claims if the class fails. But *American Pipe*
does not permit the maintenance of a follow-on class
action past expiration of the statute of limitations.

Id. at 736 (emphasis added). According to the Supreme Court:

Ordinarily, to benefit from equitable tolling,
plaintiffs must demonstrate that they have been diligent
in pursuit of their claims. Even *American Pipe*, which
did not analyze "criteria of the formal doctrine of
equitable tolling in any direct manner," observed that
tolling was permissible in the circumstances because
plaintiffs who later intervened to pursue <u>individual</u>

7

> claims had not slept on their rights. Those plaintiffs reasonably relied on the class representative, who sued timely, to protect their interests in their _individual_ claims. A would-be class representative who commences suit after expiration of the limitation period, however, can hardly qualify as diligent in asserting claims and pursuing relief. Her interest in representing the class as lead plaintiff, therefore, would not be preserved by the prior plaintiff's timely filed class suit.

Id. at 743 (emphasis added) (citations omitted).

Notably, despite its apparent relevance, none of the parties address China Agritech or its implications for the Equitable Tolling Motions. See Ayers, Docket Entries 8, 9, 20, 26 (M.D.N.C. 2023); Carson, Docket Entries 5, 6, 19, 23 (M.D.N.C. 2023); Ferges, Docket Entries 6, 7, 18, 24 (M.D.N.C. 2023). Instead, they argue generally about the scope and propriety of equitable tolling for Named Plaintiffs versus any Opt-in Plaintiffs. See Ayers, Docket Entries 8, 9, 20, 26; Carson, Docket Entries 5, 6, 19, 23; Ferges, Docket Entries 6, 7, 18, 24.[5] "[P]rinciples of equitable tolling may, in the proper circumstances, apply to excuse a plaintiff's failure to comply with the strict requirements of a statute of limitations." Harris v. Hutchinson, 209 F.3d 325, 328 (4th Cir.

---

5 The briefing in support of the Equitable Tolling Motions also references, but does not further develop arguments regarding, the (Rule 15) relation-back doctrine and reaffirmation of prior opt-in notices through subsequent opt-in notices. See, e.g., Ayers, Docket Entry 9 at 12, 16; id., Docket Entry 26 at 5 & n.2, 11-12. Accordingly, Named Plaintiffs waived such arguments for purposes of the Equitable Tolling Motions. See Grayson O Co. v. Agadir Int'l LLC, 856 F.3d 307, 316 (4th Cir. 2017) (explaining that "[a] party waives an argument by," inter alia, "failing to develop its argument — even if its brief takes a passing shot at the issue" (internal quotation marks and brackets omitted)).

2000).  "The equitable tolling doctrine is read into every federal statute of limitations, and the decision whether the doctrine should be applied lies within the sole discretion of the court." Delcid v. Isabella, Civil Action No. 20-3167, 2022 WL 17342048, at *2 (D. Md. Nov. 30, 2022) (internal quotation marks omitted).

"As a discretionary doctrine that turns on the facts and circumstances of a particular case, equitable tolling does not lend itself to bright-line rules."  Harris, 209 F.3d at 330 (internal quotation marks omitted).  Nevertheless, "[t]he doctrine has been applied in two generally distinct kinds of situations," including, as relevant here, where "extraordinary circumstances beyond plaintiffs' control made it impossible to file the claims on time." Id. (internal quotation marks omitted).  Courts have found the requisite extraordinary circumstances in collective actions involving lengthy court delays, including appeals.  See, e.g., Conner v. Cleveland Cnty., No. 1:18-cv-2, 2023 WL 3081295, at *6-8 (W.D.N.C. Apr. 24, 2023) (explaining that, "[c]ourts in this circuit have found equitable tolling to be warranted where, as in the present case, an FLSA case's procedural path delayed collective action certification," and "conclud[ing] that the lengthy delay [of more than two years] caused by the appeal warrants equitable tolling from November 13, 2018, [the date of the filing of the certification motion,] through the end of the [not-yet-set] notice period") (collecting and analyzing cases).

9

Further, courts "routinely apply equitable tolling to FLSA claims," Foster v. Sitel Operating Corp., No. 3:19-cv-148, 2020 WL 3485576, at *2 (M.D. Tenn. May 22, 2020), including by "toll[ing] the statute of limitations in FLSA collective actions that have been decertified," McEarchen v. Urban Outfitters, Inc., No. 13-cv-3569, 2017 WL 3912345, at *2 (E.D.N.Y. Sept. 6, 2017). See, e.g., Strauch v. Computer Scis. Corp., No. 3:14-cv-956, 2020 WL 4371816, at *3-4 (D. Conn. July 29, 2020) (collecting cases granting equitable tolling after decertification, concluding that court could, "in order to avoid prejudice to the Ineligible Opt-Ins who provided their consents and were properly parties to this case[,] invoke its equity powers to toll the statute of limitations" for opt-in plaintiffs later determined ineligible, and equitably tolling claims of 114 dismissed opt-in plaintiffs for 60 days); McEarchen, 2017 WL 3912345, at *2 ("In order to avoid prejudice to opt-in plaintiffs, courts may toll the statute of limitations in FLSA collective actions that have been decertified, and they often do so in cases involving many opt-in plaintiffs.") (collecting cases); Gionfriddo v. Jason Zink, LLC, 769 F. Supp. 2d 880, 887-88 (D. Md. 2011) (dismissing opt-in plaintiff whose "claims would involve 'substantial individualized determinations,'" but equitably tolling such claims "to the time he filed his opt-in consent form"); Reyes v. Texas Ezpawn, L.P., Civil Action No. V-03-128, 2007 WL 101808, at *7 (S.D. Tex. Jan. 8, 2007) (decertifying FLSA

10

claim involving approximately 80 plaintiffs, but invoking, "[t]o avoid prejudice to individual opt-in [p]laintiffs who may choose to file their own cases," court's "equity powers to toll the applicable statute of limitations for 30 days after the entry of [decertification o]rder").

Here, Defendant concedes the propriety of tolling Named Plaintiffs' NCWHA claims from the filing of the Mebane action until issuance of the Decertification Order on May 12, 2023, and their FLSA claims from the filing of their respective Mebane Opt-In Notices until issuance of the Decertification Order. See Ayers, Docket Entry 20 at 2, 5-6; Carson, Docket Entry 19 at 2, 5-6; Ferges, Docket Entry 18 at 2, 5-6. Under the circumstances, including the large number of putative class members and opt-in plaintiffs in Mebane, the Court determines that such tolling should extend to the filing of the Ayers, Carson, and Ferges actions (collectively, the "Subsequent Actions") on July 14, 2023. See, e.g., Cruz v. Dollar Tree Stores, Inc., Nos. 07-2050, 07-4012, 2011 WL 843956, at *8 (N.D. Cal. Mar. 8, 2011) (equitably tolling statute of limitations for affected individuals for 120 days from date of order dismissing 89 class members). On the current record, however, the Court declines to equitably toll any claims beyond Named Plaintiffs' individual NCWHA and FLSA claims.

11

## CONCLUSION

The current record supports equitably tolling Named Plaintiffs' individual NCWHA and FLSA claims through the filing of the Subsequent Actions.

**IT IS THEREFORE ORDERED** that the Equitable Tolling Motions, <u>Ayers</u>, Docket Entry 8; <u>Carson</u>, Docket Entry 5; <u>Ferges</u>, Docket Entry 6, are **GRANTED IN PART** insofar as the statute of limitations on Named Plaintiffs' <u>individual</u> NCWHA and FLSA claims are tolled from the filing of the <u>Mebane</u> action and their relevant <u>Mebane</u> Opt-In Notices through the filing of the Subsequent Actions on July 14, 2023, and are **DENIED IN PART WITHOUT PREJUDICE** in all other respects.

This 20th day of February, 2024.

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**
