IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| JAMES AYERS, DOYLE CAWTHON, JR., DEUAL STARR, and DARRON GRAY, on behalf of themselves and all others similarly situated,<br><br>    *Plaintiffs,*<br><br>    v.<br><br>GKN DRIVELINE NORTH AMERICA, INC.,<br><br>    *Defendant.* | CA No.: 1:23-CV-00581-LCB-LPA |
| JOHN CARSON and RANDALL STARK, on behalf of themselves and all others similarly situated,<br><br>    *Plaintiffs,*<br><br>    v.<br><br>GKN DRIVELINE NORTH AMERICA, INC.,<br><br>    *Defendant.* | CA No.: 1:23-cv-00583-LCB-LPA |
| TAMEKA FERGES and DARRICK PAYLOR, on behalf of themselves and all others similarly situated,<br><br>    *Plaintiffs,*<br><br>    v.<br><br>GKN DRIVELINE NORTH AMERICA, INC.,<br><br>    *Defendant.* | CA No.: 1:23-cv-00585-LCB-LPA |

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF THEIR MOTION TO GRANT AS UNCONTESTED PLAINTIFFS' MOTIONS TO CONDITIONALLY CERTIFY THIS MATTER AS A COLLECTIVE ACTION AND FOR A COURT-AUTHORIZED NOTICE TO BE ISSUED UNDER SECTION 216(B) OF THE FAIR LABOR STANDARDS ACT AND FOR CLASS CERTIFICATION UNDER FED. R. CIV. P. 23 AND FOR APPOINTMENT OF CLASS COUNSEL UNDER FED. R. CIV. P. 23(G) OR, IN THE ALTERNATIVE, GRANT THE PROPOSED ORDERS SUBMITTED WITH THE MOTIONS (DKTS. 70-1 AND 72-1 IN *AYERS*, 65-1 AND 67-1 IN *CARSON*, AND 69-1 AND 71-1 IN *FERGES*)**

TABLE OF CONTENTS

I. INTRODUCTION .................................................................................................. 1

II. RELEVANT FACTUAL BACKGROUND ............................................................ 1

III. LEGAL ARGUMENT ............................................................................................ 6

    A. Because Defendant's Counsel Failed to Timely File Motion Papers, They Have Waived Their Right to File. ......................................................... 6

    B. Local Rule 7.3(k)'s "Excusable Neglect" Exception Does Not Apply Where Defendants Knowingly Failed to File Timely Motion Papers........... 7

    C. Under Local Rule 7.3(k), Defendant's Failure to File a Response Brief Results in the Court Considering An Uncontested Motion Which Should be Automatically Granted. ...................................................... 9

    D. Defendant's Failure to File Motion Papers in Opposition to Plaintiffs' Motions for Conditional Class Certification Moots Defendant's Pending Motion to Strike Class Allegations........................... 10

IV. CONCLUSION ................................................................................................... 11

# TABLE OF AUTHORITIES

**Cases**

*Anderson v. Lab'y Corp. of Am. Holdings*,
    No. 1:17CV193, 2019 WL 3858320 (M.D.N.C. Aug. 16, 2019) .................................. 10

*Campbell v. Saul*,
    1:19CV299 (M.D.N.C. Jun. 22, 2020) ............................................................................... 9

*Cnty. Of Dorchester, S.C. v. AT&T Corp.*,
    407 F. Supp. 3d, 561 (D.S.C. 2019) ............................................................................... 10

*Hooker v. Citadel Salisbury, LLC*,
    No. 1:21CV00384, 2022 WL 1663421 (M.D.N.C. May 25, 2022) .............................. 11

*Houston v. Lack*,
    487 U.S. 266 (1988) ........................................................................................................ 8

*McAdoo v. Univ. of N. Carolina at Chapel Hill*,
    248 F. Supp. 3d 705 (M.D.N.C. 2017) ........................................................................... 11

*McIntosh v. Jacobs Tech.*,
    No. 1:15CV970, 2016 WL 4487777 (M.D.N.C. Aug. 25, 2016) .................................... 7

*Phillips v. Wood*,
    341 F. Supp. 2d 576 (M.D.N.C. 2004) ............................................................................ 7

*Pioneer Inv. Services Co. v. Brunswick Associates Ltd. P'ship*,
    507 U.S. 380 (1993) ........................................................................................................ 7

*Ramirez v. Cajun Pressure Control, LLC*,
    No. 2:15-CV-264, 2016 WL 6405763 (S.D. Tex. Oct. 31, 2016) .................................. 9

*Simaan, Inc. v. BP Products of North America, Inc.*,
    395 F. Supp. 2d 271 (M.D.N.C. 2005) .......................................................................... 10

*Thompson v. E.I. DuPont de Nemours & Co., Inc.*,
    76 F.3d 530 (4th Cir. 1996) ............................................................................................. 8

*U.S. v. Gwinn*,
    No. CIV A 506-CV-00267, 2006 WL 3377636 (S.D.W. Va. Nov. 20, 2006) ............... 9

**Statutes**

29 U.S.C. § 216(b) ................................................................................................................ 1

**Rules**

Fed. R. Civ. P. 12(f) .................................................................................................... 10

Fed. R. Civ. P. 23 ......................................................................................................... 1

Fed. R. Civ. P. 6(b) ...................................................................................................... 8

Fed. R. Civ. P. 73(a) .................................................................................................... 8

Local Rule 6.1 .............................................................................................................. 8

Local Rule 7.3(f) .......................................................................................................... 1

Local Rule 7.3(k) ................................................................................................. passim

Local Rule 7.4 .............................................................................................................. 9

**Treatises**

5C Charles Alan Wright et al., *Federal Practice & Procedure* § 1380 (3d ed. 2011) ..... 11

## I. INTRODUCTION

Defendant GKN Driveline North America, Inc. ("Defendant") failed to file any response to Plaintiffs' separate motions for conditional collective certification pursuant to 29 U.S.C. § 216(b) of the Fair Labor Standards Act ("FLSA") (*Ayers*, Dkt. 70; *Carson*, Dkt. 65; *Ferges*, Dkt. 69) and Fed. R. Civ. P. 23(g) (*Ayers*, Dkt. 72; *Carson*, Dkt. 67; *Ferges*, Dkt. 71) within the twenty-one (21) day deadline imposed by the Middle District of North Carolina under Local Rule 7.3(f). Therefore, Plaintiffs request the Court grant the present motion and thereby grant as uncontested Plaintiffs' motions for conditional and class certification pursuant to Local Rule 7.3(k).

## II. RELEVANT FACTUAL BACKGROUND

On August 18, 2024, Plaintiffs began filing their motion for conditional and class certification. *Ayers*, Dkt. 70. Due to technical issues, Plaintiffs were unable to complete the filings. On August 19, 2024, Plaintiffs again began the process for completing the filing of their motions, supporting briefs and exhibits. That same day, at 8:47 a.m., Defendant's counsel emailed Plaintiffs' counsel and stated the following:

> We received notification yesterday evening that Plaintiffs have filed a Motion to Certify Class Conditionally as a Collective Action and for Court-Authorized Notice to be Issued Under Section 216(b) of the FLSA in the *Ayers* case (*Ayers* ECF No. 70). Plaintiffs have not yet filed a memorandum in support of this motion, and we received no notification of a similar filing in the *Ferges* and *Carson* actions.
>
> Given that Judge Biggs has stayed class-wide discovery and GKN's Motion to Strike Collective and Class Allegations remains pending, we believe it makes sense for the parties to jointly move to modify the scheduling order to put Plaintiff's' deadline for filing collective/class certification motions (currently, August 29, 2024) to a date *after* the Court rules on the pending

> Motion to Strike. Putting off briefing of Plaintiffs' certification motion until after the Motion to Strike will conserve judicial and party resources, and it is consistent with Judge Biggs' Order staying further class discovery. As Plaintiffs haven't yet filed their brief, there's no potential prejudice to Plaintiff.

*See Ayers*, Dkt. 75-1; *Carson*, Dkt. 70-1; *Ferges*, Dkt. 74-1. Despite Defendant's efforts, Defendant misstated *two* salient points: First, this Court had *not* stayed class-wide discovery. Indeed, *but for* the Court's August 13, 2024 Order, (*Ayers*, Dkt. 68; *Carson*, Dkt. 63; *Ferges*, Dkt. 67), granting Defendant's motion to stay limited to responding to Plaintiffs' Requests for Production Nos. 2, 4, and 6, class-wide discovery had been largely complete (contrary to Defendant's counsel's representation). Second, Defendant suggests that because it had reached out to Plaintiffs' counsel *before* they completed their class certification filings, there was no reason why Plaintiffs could not have joined Defendant in a joint motion to modify the scheduling order and more significantly that Plaintiffs would not be prejudiced. *See supra* at *Ayers*, Dkt. 75; *Carson*, Dkt. 70; *Ferges*, Dkt. 74. However, such an implication is belied by the filing of Plaintiffs' *first* motion in *Ayers*. *See* Dkt. 70.

Specifically, it defies all logic that while Plaintiffs commenced filings with their motion in *Ayers*, such filing was not indicative to Defendant that Plaintiffs' briefing of the same had already been finalized, especially in light of Plaintiffs' August 29, 2024 impending deadline to file their motions for class certification the following week, *and* the fact that the Court had *not* yet ruled on Defendant's Motion to Strike Class Allegations. *See Ayers*, Dkt. 51; *Carson*, Dkt. 45; *Ferges*, Dkt. 50. Indeed, Plaintiffs instead had completed filings for conditional class certification in *all* three (3) GKN matters by August

18, 2024, *eleven days* in advance of the court-imposed deadline of August 29, 2024. *See Ayers*, Dkts. 70-73; *Carson*, Dkts. 65-68; *Ferges*, Dkts. 69-72.

After Plaintiffs' filings were complete, Defendant's counsel reached out later that day, *again* requesting Plaintiffs' counsel's position on a motion to stay certification briefing and seeking to depose Plaintiffs' damages analyst. *Ayers*, Dkt. 75-1; *Carson*, Dkt. 70-1; *Ferges*, Dkt. 74-1. Given Plaintiffs in this matter had already been waiting over a year to submit their motions for conditional/class certification, and given the same was postponed several times due to Defendant's failure to cooperate during the discovery process, Plaintiffs rejected Defendant's invitation to join Defendant in its motion to stay certification briefing. *See id*.

In fact, rather than focusing on promptly working to respond to Plaintiffs' motions for conditional and class certification, Defendant's counsel requested to take Plaintiff's damages expert's deposition over the next ten (10) days (during the time it should have been focusing on responding to Plaintiffs' motions for conditional and class certification). Nevertheless, Plaintiffs' counsel explained that any deposition of an expert would be premature in light of the Court's Scheduling Order and the Parties' *agreed upon* discovery plan, which permitted the deposition of expert witnesses at the end of Phase II discovery. *See Ayers*, Dkt. 37; *Carson*, Dkt. 33; *Ferges*, Dkt. 40. *That same day,* following such communications, Defendant filed its Emergency Motion to Stay Collective and Class Certification Briefing pending ruling on Defendant's Motion to Strike Plaintiffs' Collective and Class Allegations and accompanying Memorandum ("Defendant's Mem."). *See Ayers*, Dkt. 74-75; *Carson*, Dkt. 69-70; *Ferges*, Dkt. 73-74.

3

While Defendant could have filed this Motion to Stay *contemporaneously* with the Motion to Strike filed in April 2024, instead, it chose to wait until *after* Plaintiffs had already filed their motions for conditional/class certification. *See Ayers*, Dkt. 70; *Carson*, Dkt. 65; *Ferges*, Dkt. 69.

Importantly, on August 30, 2024, Plaintiffs' counsel reached out to Defendant's counsel to determine whether Defendant had any interest in staying litigation to engage in good faith mediation, and the parties attempted to determine the mediator's availability. *See Ayers*, Dkts. 78-1, 78-2, 79; *Carson*, Dkts. 73-1, 73-2, 74; *Ferges*, Dkts. 77-1, 77-2, 78. However, discussions broke down before the parties could come to an agreement regarding the parameters for mediation and therefore no joint motion to stay was ever filed. *See id.* Further, on September 6, 2024, the Friday *before* Defendant's deadline to respond, Defendant's counsel reached out to Plaintiffs' counsel to request Plaintiffs' position on Defendant's anticipated Motion to Extend its September 9, 2024 Deadline, to respond to Plaintiffs' Motion for Conditional/Class Certification. *See id*. Had the parties reached a decision relating to mediation parameters on August 30, Defendant's counsel *may* have been justified in not diligently *finalizing* its responses to Plaintiffs' motions for conditional/class certification; however, as of August 19, 2024, Plaintiffs' class certification filings unequivocally put Defendant on notice that *absent* a showing from the Court to truncate deadlines in connection with Defendant's August 20, 2024 Emergency Motion to Stay or granting of immediate relief, Defendant's deadline to file responses to Plaintiffs' motions (*Ayers*, Dkt. 70; *Carson*, Dkt. 65; *Ferges*, Dkt. 69) was rapidly approaching.

Knowing the September 9, 2024 deadline was looming, and without a ruling on Defendant's pending motion to strike or Defendant's emergency motion to stay, Defendant—on Friday, September 6, 2024—filed an Emergency Motion to Extend Deadline to Respond to Plaintiffs' Motion to Conditionally Certify this Matter as a Collective Action and for a Court Authorized Notice to be Issued under Section 216(b) of the Fair Labor Standards Act and Plaintiffs' Motion for Class Certification Under Fed. R. Civ. P. 23 and for Appointment of Class Counsel Under Fed. R. Civ. P. 23(g). *See Ayers*, Dkt. 76; *Carson*, Dkt. 71; *Ferges*, Dkt. 76.

In its brief, Defendant requests a deadline that is fourteen (14) days *after* the date the Court rules on Defendant's pending Emergency Motion to Stay *and* Defendant's Motion to Strike. *Id*. ***Defendant supports its emergency motion by asserting good cause exists for the Court to grant such an extension <u>because without it, Defendant concedes its Emergency Motion to Stay would be rendered moot</u>***. *Id*. Further, Defendant's motion mischaracterized Plaintiffs' position to its requested extension by simply stating that Plaintiffs disagreed with Defendant's emergency motions for extension of time as 'inappropriate.' *See* ¶ 7 *Ayers*, Dkt. 76; *Carson*, Dkt. 71; and *Ferges*, Dkt. 76. However, Plaintiffs provided a thorough basis for finding that Defendant's anticipated motion for extension of time was inappropriate, specifically, because Defendant's sat on their hands instead of working diligently to respond to Plaintiffs' motions. *See Ayers*, Dkt. 78; *Carson*, Dkt. 73; *Ferges*, Dkt. 77.

On September 9, 2024, Defendant unequivocally failed to file a response to Plaintiffs' Motions for Conditional FLSA Collective Certification and Rule 23 Class

5

Certification, thereby missing its deadline. Further, the Court declined to issue rulings on any of Defendant's pending motions. After brief communication between Plaintiffs' counsel and Defendant's counsel on September 10, 2024, no reason was given as to *why* Defendant missed its filing deadline. As a result, Defendant has forfeited its right to file a response, and Plaintiffs' motions should be treated as uncontested, to be granted without further notice.

### III. LEGAL ARGUMENT

The Middle District of North Carolina Local Rule 7.3(k) provides that "failure to file a brief or response within the time specified in this rule *shall* constitute a waiver of the right thereafter to file such brief or response, except upon a showing of excusable neglect. … If no response brief is filed within the time required by this rule, the motion will be considered and decided as an uncontested motion, and ordinarily will be granted without further notice." *See id.* (emphasis added).

Here, Defendant failed to file a response to Plaintiffs' motions for conditional class certifications as required by the Court on September 9, 2024, and because Defendant failed to proffer any reason for the failure whatsoever, let alone one to constitute excusable neglect, the Court should consider and decide the motions as uncontested to be granted without further notice.

### A. Because Defendant's Counsel Failed to Timely File Motion Papers, They Have Waived Their Right to File.

Under Local Rule 7.3(k), the "failure to file a brief or response within the time specified in this rule shall constitute a waiver of the right thereafter to file such a brief or

response." Though narrow exceptions apply, such as in cases involving *pro se* parties (*see Phillips v. Wood*, 341 F. Supp. 2d 576, 577-78 (M.D.N.C. 2004), the Middle District has unequivocally stated their commitment to the local rules, expressing that "[t]his court *strictly construes* application of the Local Rules" as a "universal prerequisite[] for an orderly judicial system." *McIntosh v. Jacobs Tech.*, No. 1:15CV970, 2016 WL 4487777, at *2 (M.D.N.C. Aug. 25, 2016) (emphasis added).

As Defendant's counsel failed to timely file responses to Plaintiffs' motions for conditional class certification, they have accordingly forfeited their right to file at a later date.

### B. Local Rule 7.3(k)'s "Excusable Neglect" Exception Does Not Apply Where Defendants Knowingly Failed to File Timely Motion Papers.

Local Rule 7.3(k) provides that the "failure to file a brief or response within the time specified in this rule shall constitute a waiver of the right thereafter to file such a brief or response, *except upon a showing of excusable neglect*." (emphasis added).

The "excusable neglect" exception to failing to timely file responses is an equitable one, requiring courts to consider: (i) the danger of prejudice, (ii) the length of the delay and its potential impact on judicial proceedings, (iii) the reasons for the delay including whether it was within the reasonable control of the party seeking to show excusable neglect, and (iv) whether that party acted in good faith. *Pioneer Inv. Services Co. v. Brunswick Associates Ltd. P'ship*, 507 U.S. 380, 395 (1993). However, the Supreme Court of the United States has explained that "inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect." *Id*. at 389.

The Fourth Circuit has considered the "excusable neglect" exception only in "extraordinary cases" where injustice would otherwise result. *Thompson v. E.I. DuPont de Nemours & Co., Inc.*, 76 F.3d 530, 534 (4th Cir. 1996); Notes to 1964 Fed. R. Civ. P. 73(a). The Supreme Court has explained that an incarcerated *pro se* litigant may satisfy an extraordinary case meeting the excusable neglect standard, based on the litigant's forced reliance on the postal system and requisite inability to travel to the courthouse or monitor dockets. *Houston v. Lack*, 487 U.S. 266, 270-71 (1988).

Here, Defendant knew about Plaintiffs' deadline to file conditional certification briefing for months, and thus, should have been preparing for Plaintiffs' anticipated filings, gathering relevant evidence and legal authority, to oppose such motions; but instead, chose *not* to file a motion to stay briefing until *after* Plaintiffs already drafted and filed theirs, *and* did not file their emergency motion to extend response deadlines until September 6, 2024 – a Friday, *less than* one full business day *before* their Monday deadline, at approximately 4:15pm. It is clear Defendant waited until the eleventh-hour, failing to give the Court *any* reasonable time to review and issue a ruling. *See* L.R. 6.1 (a)-(b).[1] Furthermore, Defendant has no excuse to have not filed *anything*, as they had at least 11 days before *any* discussion about mediation and had no justification to cease working on responses altogether during its twenty-one (21) days deadline. Accordingly, Defendant, a

---

[1] **Motions for an Extension of Time to Perform an Act**. ***All motions for an extension of time to perform an act required or allowed to be done within a specified time must comply with Fed. R. Civ. P. 6(b)*** and show prior consultation with opposing counsel and the views of opposing counsel. (b) Motions for Continuance. All motions to continue a pretrial conference, hearing on a motion, or the trial of an action ***must be filed reasonably in advance*** of the hearing date and must reflect the views of opposing counsel.

non-prisoner litigant who failed to comply with local rules, cannot establish excusable neglect where it *knowingly* missed a court-imposed deadline.

**C.     Under Local Rule 7.3(k), Defendant's Failure to File a Response Brief Results in the Court Considering An Uncontested Motion Which Should be Automatically Granted.**

Local Rule 7.3(k) explicitly notes that "[i]f no response brief is filed within the time required by this rule, the motion will be considered and decided as an *uncontested* motion, and ordinarily will be granted without further notice."

The plain language of Local Rule 7.3(k) is clear, and the Middle District of North Carolina has not deviated from it, ***treating a party's failure to file motion papers as a signal that they no longer wish to pursue the matter***, ***and/or that the contentions are undisputed***. *Campbell v. Saul*, 1:19CV299 (M.D.N.C. Jun. 22, 2020) (granting a motion to dismiss where opposing party failed to file motion papers) (emphasis added)

The Southern District of Texas' local rules mirror that of the Middle District of North Carolina, providing in Local Rule 7.4 that "[f]ailure to respond to a motion will be taken as a representation of no opposition." In applying this rule, the Southern District of Texas found a default entry was warranted where defendant failed to respond to motions, among other failures, as doing so prejudiced plaintiffs whose claims for overtime pay had already been pending for several months. *Ramirez v. Cajun Pressure Control, LLC*, No. 2:15-CV-264, 2016 WL 6405763, at *2 (S.D. Tex. Oct. 31, 2016).

Other District Courts have even gone so far as to distinguish the rigidity of the local rules of the Middle District of North Carolina from their own: in *U.S. v. Gwinn*, No. CIV A 506-CV-00267, 2006 WL 3377636, at *1 (S.D.W. Va. Nov. 20, 2006), the Southern

9

District of West Virginia clarified that "[c]ontrary to the Middle District of North Carolina, this Court's local rules do not contain a similar provision," and as such, failing to file a response "does not permit this Court to grant a motion merely because it was unopposed."

As the Middle District's local rule language and interpretation is both clear and consistent, and given Defendant's knowingly failed to file a response to Plaintiffs' motions for conditional class certification, the Court should grant the motions as uncontested.

### D. Defendant's Failure to File Motion Papers in Opposition to Plaintiffs' Motions for Conditional Class Certification Moots Defendant's Pending Motion to Strike Class Allegations.

Federal Rule of Civil Procedure 12(f) authorizes the court to strike an "insufficient defense or any redundant, immaterial, impertinent, or scandalous matter," with the goal of preventing the litigation of "unnecessary issues." *Simaan, Inc. v. BP Products of North America, Inc.*, 395 F. Supp. 2d 271, 278 (M.D.N.C. 2005). Because a motion to strike asks the Court to *preemptively* terminate the class aspects of litigation *before* plaintiffs are permitted to complete discovery to which they would otherwise be entitled, it is only appropriate to grant a Rule 12(f) motion to strike class allegations when a defendant can show through the plaintiffs' complaint that it will be *impossible* to certify the classes alleged by the plaintiffs, "regardless of the facts the plaintiffs may be able to prove." *Cnty. Of Dorchester, S.C. v. AT&T Corp.*, 407 F. Supp. 3d, 561, 565 (D.S.C. 2019); *see also, Anderson v. Lab'y Corp. of Am. Holdings*, No. 1:17CV193, 2019 WL 3858320, at *9 (M.D.N.C. Aug. 16, 2019). In fact, the Middle District has noted that granting a Rule 12(f) motion is a "drastic remedy" and therefore "viewed with disfavor by the federal courts," to

10

Case 1:23-cv-00581-CCE-LPA   Document 82   Filed 09/13/24   Page 15 of 20

the extent that they are "infrequently granted." *Id*.; *see also,* 5C Charles Alan Wright et al., *Federal Practice & Procedure* § 1380 (3d ed. 2011).

The Middle District has denied a motion to strike as moot where disputes over allegations are resolved by the Court granting a separate dispositive motion. *Hooker v. Citadel Salisbury, LLC*, No. 1:21CV00384, 2022 WL 1663421, at *16 (M.D.N.C. May 25, 2022) (denying the defendant's motion to strike as moot on the grounds that any allegation disputes were resolved by the court's grant of a pending motion to dismiss); *McAdoo v. Univ. of N. Carolina at Chapel Hill*, 248 F. Supp. 3d 705, 719 (M.D.N.C. 2017) (denying defendant's motion to strike as moot as a result of the court's grant of dismissal for lack of subject matter jurisdiction).

Here, Defendant has knowingly failed to file motions in opposition to Plaintiffs' motions for conditional class certification, seemingly banking on a grant from the Court of their pending motion to strike class allegations. Defendant's position is severely misguided: not only was Defendant's timing on filing the motion to strike inappropriate and disfavored by this Court, as discovery had already commenced; but Defendant's same motion to strike must now be moot pursuant to Local Rule 7.3(k), which grants Plaintiffs' motions for conditional class certification as of right.

## IV. <u>CONCLUSION</u>

Following the local rules of the Middle District of North Carolina, after Plaintiffs completed filing motions for conditional class certification in this matter on August 19, 2024, Defendant's counsel was bound to respond within 21 days (September 9, 2024) or

11

risk that Plaintiffs' motions would be considered uncontested. Importantly, Defendant's failed efforts to persuade Plaintiffs to join them in a motion to stay, as well as filing of their own emergency motion to stay and emergency motion for an extension of time had no impact on the outstanding court-imposed deadline to response to Plaintiffs' Motion for Conditional Class Certification, due September 9, 2024. As the Middle District is unwavering in their adherence to the strict interpretation of the local rules, the Court should grant Plaintiffs' motions.

Respectfully submitted this September 13, 2024.

*/s/ Gilda Adriana Hernandez*
Gilda A. Hernandez (NCSB No. 36812)
Hannah B. Simmons (NCSB No. 59579)
Matthew S. Marlowe (NCSB No. 60035)
**THE LAW OFFICES OF GILDA A. HERNANDEZ, PLLC**
1020 Southhill Dr., Ste. 130
Cary, NC 27513
Tel: (919) 741-8693
Fax: (919) 869-1853
ghernandez@gildahernandezlaw.com
hsimmons@gildahernandezlaw.com
mmarlowe@gildahernandezlaw.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.3(D)(1)

I hereby certify that the foregoing complies with Local Rules 7.3(d)(1), as it contains 3,199 words, excluding parts of the memorandum that are exempted by LR 7.3(d)(1).

I certify that the foregoing is true and accurate.

Respectfully submitted this September 13, 2024.

                                          */s/ Gilda Adriana Hernandez*
                                          Gilda A. Hernandez (NCSB No. 36812)
                                          Hannah B. Simmons (NCSB No. 59579)
                                          Matthew S. Marlowe (NCSB No. 60035)
                                          **THE LAW OFFICES OF GILDA A. HERNANDEZ, PLLC**
                                          1020 Southhill Dr., Ste. 130
                                          Cary, NC 27513
                                          Tel: (919) 741-8693
                                          Fax: (919) 869-1853
                                          ghernandez@gildahernandezlaw.com
                                          hsimmons@gildahernandezlaw.com
                                          mmarlowe@gildahernandezlaw.com

                                          *Attorneys for Plaintiffs*

# CERTIFICATE OF SERVICE

I hereby certify that on September 13, 2024, the foregoing **PLAINTIFFS' MEMORANDUM IN SUPPORT OF THEIR MOTION TO GRANT AS UNCONTESTED PLAINTIFFS' MOTIONS TO CONDITIONALLY CERTIFY THIS MATTER AS A COLLECTIVE ACTION AND FOR A COURT-AUTHORIZED NOTICE TO BE ISSUED UNDER SECTION 216(B) OF THE FAIR LABOR STANDARDS ACT AND FOR CLASS CERTIFICATION UNDER FED. R. CIV. P. 23 AND FOR APPOINTMENT OF CLASS COUNSEL UNDER FED. R. CIV. P. 23(G) OR, IN THE ALTERNATIVE, GRANT THE PROPOSED ORDERS SUBMITTED WITH THE MOTIONS (DKTS. 70-1 AND 72-1 IN *AYERS*, 65-1 AND 67-1 IN *CARSON*, AND 69-1 AND 71-1 IN *FERGES*)** was served in accordance with the Federal Rules of Civil Procedure on the following:

Paul DeCamp (Special Admission)
**EPSTEIN BECKER & GREEN, P.C.**
1227 25th St., N.W., Suite 700
Washington, D.C. 20037
T: (202) 861-1819
F: (202) 296-2882
PDeCamp@ebglaw.com

Adriana S. Kosovych (Special Admission)
**EPSTEIN, BECKER & GREEN, P.C.**
875 Third Avenue
New York, NY 10022
Tel: (212) 351-4500
Fax: (212) 878-8600
AKosovych@ebglaw.com

Kevin S. Joyner
Vanessa N. Garrido
**OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.**
8529 Six Forks Road, Suite 600
Raleigh, North Carolina 27615
Phone: 919-787-9700
Facsimile: 919-783-9412
Kevin.joyner@ogletree.com
Vanessa.garrido@ogletree.com
*Attorneys for Defendant*

                                                /s/ *Gilda Hernandez*
                                                Gilda A. Hernandez (NCSB No. 36812)
                                                Hannah B. Simmons (NCSB No. 59579)

Matthew Marlowe (NCSB No. 60035)
**THE LAW OFFICES OF GILDA A. HERNANDEZ, PLLC**
1020 Southhill Drive, Suite 130
Cary, NC 27513
Tel: (919) 741-8693
Fax: (919) 869-1853
ghernandez@gildahernandezlaw.com
hsimmons@gildahernandezlaw.com
mmarlowe@gildahernandezlaw.com

*Attorneys for Plaintiffs*