# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

JAMES AYERS, et al., on behalf of themselves and all others similarly situated,

       Plaintiffs,

v.

GKN DRIVELINE NORTH AMERICA, INC.,

       Defendant.

)
)
)
)
)
)
)
)
)
)
)

1:23-CV-581

---------------

JOHN CARSON, et al., on behalf of themselves and all others similarly situated,

       Plaintiffs,

v.

GKN DRIVELINE NORTH AMERICA, INC.,

       Defendant.

)
)
)
)
)
)
)
)
)
)
)

1:23-CV-583

---------------

TAMEKA FERGES, et al., on behalf of themselves and all others similarly situated,

       Plaintiffs,

v.

GKN DRIVELINE NORTH AMERICA, INC.,

       Defendant.

)
)
)
)
)
)
)
)
)
)

1:23-CV-585

## <u>MEMORANDUM OPINION AND ORDER</u>

Catherine C. Eagles, Chief District Judge.

On April 14, 2026, the Court entered brief orders granting in part and denying in part the plaintiffs' motions for leave to amend. *Ayers*, Doc. 149; *Carson*, Doc. 142;

*Ferges*, Doc. 147.  This opinion memorializes those orders and explains the reasons for those decisions.

The plaintiffs in these three related wage and hour cases seek leave to file further amended complaints.  In each case, the proposed amended complaints include updated collective and class definitions that match the definitions requested in the certification motions filed in each case and, in *Carson* and *Ferges*, also add back the named plaintiffs' individual claims, which the plaintiffs erroneously omitted from the operative amended complaints.  *See* Doc. 140 at 45–46 (stating that the omission was "an oversight").[1]  The plaintiffs also seek to add new claims on behalf of an additional FLSA collective and state law wage and hour class supported by new allegations about "time-shaving."

Under Federal Rule of Civil Procedure 15(a)(2), a party may amend its pleading before trial either with consent from the opposing party or leave of court.  At the Court's request, the plaintiffs submitted two proposed amended complaints:  one that included the new time shaving claims and one that did not.

The set of proposed amended complaints making housekeeping changes to the proposed collective and class definitions and adding back in the named plaintiffs' individual claims are largely logistical.  GKN does not object to the substance of these amendments. Doc. 143 at 18.[2]  The motion to amend the complaints to make these changes is granted.

---

[1] For the sake of simplicity, all CM/ECF citations are to *Ayers*, 23-CV-581, unless otherwise noted.

[2] GKN asked the Court to require the plaintiffs to change the dates in the proposed class definitions to align with the relevant limitations periods.  But the class definitions in a complaint

The effort to add new time-shaving claims, classes, and collectives is more problematic. Even if the opposing party does not consent to amendment, as here, courts "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "A district court may deny a motion to amend when the amendment would be prejudicial to the opposing party, the moving party has acted in bad faith, or the amendment would be futile." *Equal Rts. Ctr. v. Niles Bolton Assocs.*, 602 F.3d 597, 603 (4th Cir. 2010). While delay alone is not a sufficient ground for denying leave to amend, courts disfavor belated amendments that "assert a new legal theory or require additional discovery." *Midgett v. Hardcastle*, No. 17-CV-663, 2018 WL 4365580, at *7 (E.D. Va. July 19, 2018) (cleaned up); *accord Equal Rts. Ctr.*, 602 F.3d at 604.

In their attempt to add new claims on behalf of new classes and collectives, the plaintiffs seek to do both of those things. The time-shaving claim was not previously a part of these cases. *See* Docs. 1, 34. Fact discovery has concluded and only limited expert discovery remains. Doc. 140 at 15–17. The plaintiffs acknowledge that the addition of the time-shaving claims would require the reopening of fact discovery, *id.* at 27–28, which would further delay litigation that is already long in the tooth, especially when considering that earlier litigation challenging other aspects of GKN's time-keeping practices was filed in 2018. *See Mebane v. GKN*, 18cv892.

---

are not controlling, *see Chisolm v. TranSouth Fin. Corp.*, 194 F.R.D. 538, 558 (E.D. Va. 2000) ("A court is not bound by the class definition proposed in the complaint." (cleaned up)), so the parties' disagreement is insignificant for purposes of these motions. GKN also asked that the plaintiffs be required to remove a footnote referring to an equitable tolling motion, but this disagreement is again immaterial; the Court ruled on that motion long ago. *See* Doc. 45 (granting in part and denying in part Doc. 8).

The plaintiffs assert that they only found out about the alleged time-shaving practices during a period of supplemental discovery at the end of 2025.  Doc. 142 at 17.  But all available evidence, including statements by the plaintiffs' counsel, indicates that the plaintiffs were aware of the possible time-shaving issue no later than June 2024.  In multiple declarations, opt-in plaintiffs testified that GKN adjusted time entries and that even when they worked extra hours on the clock, their paychecks remained the same from week to week.  *See, e.g.*, Doc. 71-21 at ¶¶ 9, 21; Doc. 71-22 at ¶¶ 10–11, 13.  At a June 2024 discovery hearing, the plaintiffs' counsel stated that GKN "would have superusers going into the records and modifying their time to make it look like they had clocked in and aligned with their start of shift time."  Doc. 144-2 at 24.  The defendant's counsel asserts, and the plaintiffs do not dispute, that the defendant turned over the relevant time punch data to the plaintiffs in the summer of 2024.  Doc. 144 at ¶¶ 5–8.  The motion for leave to amend was not filed until January 25, 2026, 18 months later.

The plaintiffs contend that until they deposed Justin LaQuay, a human resources specialist at GKN, in December 2025, they could not be certain that time-shaving was occurring.  Doc. 147 at 10.  Regardless of whether that is true, Rules 8 and 11 do not require certainty.  When facts within a plaintiff's personal knowledge support a claim but key evidence is within the exclusive control of the defendant, it is sufficient to allege facts "on information and belief," when there is a good faith basis for doing so.  *See, e.g.*, *Ridenour v. Multi-Color Corp.*, 147 F. Supp. 3d 452, 456 (E.D. Va. 2015); *see generally* 5 *Wright & Miller's Federal Practice & Procedure* § 1224 (4th ed. 2026).  The plaintiffs'

4

explanation for their delay does not hold up to scrutiny, particularly at this advanced stage of this litigation.

The plaintiffs waited well over a year before seeking to add the new time-shaving claims. The addition of those claims would be prejudicial to the defendant, who would face yet another round of discovery and another round of briefing on class and collective certification and dispositive motions, all while delaying resolution of the original claims in the case. The new time-shaving class and collective as alleged are full of obvious individual issues, making certification of either unlikely. Therefore, the motions for leave to amend to add time-shaving claims will be denied.

It is **ORDERED** that:

1. The plaintiffs' motion in *Ayers*, 23-CV-581, for leave to file their second amended complaint, Doc. 141, is **GRANTED in part and DENIED in part,** and the amended complaint now filed at Doc. 150 is the operative complaint.

2. The plaintiff's motion in *Carson*, 23-CV-583, for leave to file their third amended complaint, Doc. 132, is **GRANTED in part and DENIED in part**, and the amended complaint now filed at Doc. 143 is the operative complaint.

3. The plaintiff's motion in *Ferges*, 23-CV-585, for leave to file their third amended complaint, Doc. 136, is **GRANTED in part and DENIED in part**, and the amended complaint now filed at Doc. 148 is the operative complaint.

This the 20th day of April, 2026.

_____
UNITED STATES DISTRICT JUDGE

5